## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMERY SAPP & SONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2258-KHV |
| PULTE HOMES OF GREATER ) | |
| KANSAS CITY, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

Emery Sapp & Sons, Inc., brings suit against Pulte Homes Of Greater Kansas City, Inc., on claims arising out of a construction contract. On May 19, 2006, plaintiff filed suit in state court in Johnson County, Kansas, alleging that defendant breached an oral contract under which plaintiff provided materials and services. See Petition in No. 06-CV-3941. On June 21, 2006, defendants filed a Notice of Removal (Doc. #1) asserting diversity jurisdiction. This matter comes before the Court on plaintiff's Motion To Remand (Doc. #8) filed July 5, 2006. For reasons stated below, the Court sustains plaintiff's motion.

### Standard For Removal

A civil action is removable if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a).[1] The Court is required to remand "[i]f at any time before final judgment

---

[1] The procedure for removing a case to federal court is set forth in 28 U.S.C. § 1446, which states in relevant part as follows:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for

(continued...)

it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

**Analysis**

---

[1](...continued)
the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a) and (b). Plaintiff does not dispute that defendant timely filed the notice of removal.

On May 19, 2006, plaintiff filed suit in Johnson County district court, alleging that defendant breached an oral contract under which plaintiff provided materials and services. Plaintiff's state court petition sought damages of $792,906.08 plus costs and interest. On June 21, 2006, defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Specifically, defendant stated that plaintiff is a resident of the State of Missouri and that defendant is a citizen of a state "other than Missouri," in that it is a corporation with its principal place of business and its state of incorporation in a state other than Missouri. Defendant pointed out that the petition claimed damages in excess of $75,000, and asserted that the action could be removed under 28 U.S.C. § 1441(b).

On July 5, 2006, plaintiff filed a motion to remand. Plaintiff noted that defendant's principal place of business is in Lenexa, Kansas. See State Court Petition, paragraph 2. Section 1441(b), 28 U.S.C. provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

Id. Plaintiff's claim is not founded upon a federal question, and therefore this Court lacks original jurisdiction over plaintiff's claim. The only basis for removal is diversity of citizenship. Defendant concedes that it is a citizen of the State of Kansas, where this action is brought. Therefore, removal under Section 1441(b) is not proper.

Plaintiff seeks an award of fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney

3

fees, incurred as a result of the removal." Such an award is within the Court's discretion. See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997); Amundson & Assoc. Art Studio, Ltd. v. Nat'l Council on Comp. Ins., Inc., 977 F. Supp. 1116, 1128 (D. Kan. 1997). The Court need not find that defendant acted in bad faith to award fees. See Suder, 116 F.3d at 1352. Absent unusual circumstances, however, the Court may award attorney's fees only if defendant lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005). This case was not removable under Section 1441(b) because defendant is a citizen of the State of Kansas. Defendant lacked an objectively reasonable basis for seeking removal. The Court awards fees in this case to compensate plaintiff for the time and resources expended in remedying defendant's improper removal. See Moore v. Kaiser Found. Hosps. Inc., 765 F.Supp. 1464, 1466 (N.D. Cal. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Remand (Doc. #8) filed July 5, 2006 be and hereby is **SUSTAINED.** The clerk is directed to **REMAND** the case to the District Court of Johnson County, Kansas. The Court orders the parties to comply with D. Kan. Rule 54.1 in determining the proper award of costs and expenses.

Dated this 23rd day of October, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge